IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KUSHAL SHAH f/k/a GERRON LINDSEY, | § § § | No. 514, 2015 |
| Defendant Below, Appellant, | § § § | Court Below—Superior Court of the State of Delaware, |
| v. | § § | in and for New Castle County |
| STATE OF DELAWARE, | § § | Cr. ID No. 0002019767 |
| Plaintiff Below, Appellee. | § § § | |

Submitted: November 2, 2015
Decided: December 22, 2015

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 22nd day of December 2015, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)　The appellant, Kushal Shah f/k/a Gerron Lindsey, filed this appeal from the Superior Court's denial of his tenth motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61"). The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Shah's opening brief that his appeal is without merit. We agree and affirm.

(2)     The record reflects that, in 2002, Shah pled guilty but mentally ill to Murder in the First Degree.  In exchange for his guilty plea, the State agreed not to seek the death penalty and dismissed other criminal charges pending against Shah.  Shah was sentenced to life imprisonment.  Shah did not file a direct appeal.

(3)     Shah has subsequently filed multiple, unsuccessful motions for postconviction relief.[1]  On July 14, 2015, Shah filed his tenth motion for postconviction relief under Rule 61.  Shah contended that his counsel was ineffective.  A Superior Court Commissioner recommended denial of the motion on the grounds that Shah had failed to overcome the procedural bars of Rule 61.  The Superior Court adopted the Commissioner's report and recommendation and denied Shah's motion for postconviction relief.  This appeal followed.

(4)     We review the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo.*[2]  The procedural requirements of Rule 61 must be considered before any substantive issues are addressed.[3]  In his opening brief, Shah contends that his ineffective assistance counsel claim

---

[1] *See, e.g., Lindsey v. State*, 2014 WL 98645 (Del. Jan. 9, 2014) (affirming Superior Court's denial of eighth motion for postconviction relief); *Lindsey v. State*, 2009 WL 243399 (Del. Feb. 3, 2009) (affirming Superior Court's denial of fourth motion for postconviction relief); *Lindsey v. State*, 2003 WL 98784 (Del. Jan. 7, 2003) (affirming Superior Court's denial of first motion for postconviction relief).

[2] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

[3] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

overcomes the procedural bars of Rule 61(i)(1)[4] and Rule 61(i)(4).[5] Shah, however, relies on a version of Rule 61 that was no longer in effect at the time he filed his tenth motion for postconviction relief.

(5) Effective June 4, 2014, Rule 61 provided that a second or subsequent motion for postconviction relief would be summarily dismissed unless the defendant was convicted after trial and the motion pled with particularity either: (i) a claim that new evidence existed that created a strong inference that he was actually innocent; or (ii) a new rule of constitutional law made retroactive to cases on collateral review rendered his convictions invalid.[6] Under Rule 61(d)(2), summary dismissal of Shah's postconviction was appropriate because it was his tenth motion for postconviction relief after a guilty plea, not a trial. Shah also failed to plead with particularity a claim that satisfied Rule 61(d)(2)(i) or Rule 61(d)(2)(ii).

(6) We note that this is Shah's tenth unsuccessful motion for postconviction relief. In the future, if Shah files additional petitions, we do not

_____

[4] Super. Ct. Crim. R. 61(i)(1)(effective before June 1, 2014) ("A motion for postconviction relief may not be filed more than one year after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court.").

[5] Super. Ct. Crim. R. 61(i)(4) (effective before June 4, 2014) ("Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred, unless reconsideration of the claim is warranted in the interest of justice.").

[6] Super. Ct. Crim. R. 61(d)(2) (effective June 4, 2014).

3

intend to continue to invest scare judicial resources in addressing his repetitive claims. We encourage Shah to be mindful of Rule 61(j).[7]

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

---

[7] Super. Ct. Crim. R. 61(j) ("If a motion is denied, the state may move for an order requiring the movant to reimburse the state for costs and expenses paid for the movant from public funds.").